IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN D. ORANGE, *on behalf of himself* :
*and all others similarly situated*
                Plaintiff,
                                                :
        v.
                                                                    CIVIL ACTION
STARION ENERGY PA, INC; STARION      :          NO. 15-773
ENERGY PA, INC *i/t/d/b/a* STARION
ENERGY; STARION ENERGY PA;
STARION ENERGY PA, *i/t/d/b/a* STARION  :
ENERGY; STARION ENERGY INC;
STARION ENERGY INC, *i/t/d/b/a* STARION
ENERGY                                          :
                Defendants.

**MEMORANDUM**

**Jones, II   J.**                                                                **March 16, 2016**

**I.      INTRODUCTION**

In accordance with an Order issued by this Court on September 18, 2015, Plaintiff filed an Amended Complaint in the above-captioned matter.  Currently before the court is Defendant's[1] Motion to Dismiss said Complaint for failure to state a claim.  For the reasons set forth below, Defendant's Motion shall be granted.

**II.     FACTUAL AND PROCEDURAL HISTORY**

The within matter involves a class action suit in which Plaintiff alleges Defendant breached a contract to supply Plaintiff with energy. On or about September 4, 2013, Defendant agreed to supply

---

[1]  Movant Starion Energy PA, Inc. ("Starion") notes that Plaintiff has incorrectly identified it as "Starion Energy PA Inc. i/t/d/b/a Starion Energy, Starion Energy Pa [sic], Starion Energy PA, i/t/d/b/a Starion  Energy, Starion Energy Inc., and Starion Energy Inc., i/t/d/b/a Starion Energy[.]"  (Def.'s Mot. Dismiss 1, ECF No. 28-2 at 2.)  Although this is not exactly how the matter is currently captioned, the court shall refer to the moving party as "Defendant" or "Starion" for purposes of this discussion.

1

Plaintiff's home with electricity. (Am. Compl. ¶ 25, ECF No. 26 at 7.) Plaintiff alleges that his decision to contract with Defendant was driven by his desire to save money. (Am. Compl. ¶ 15, ECF No. 26 at 5.)

The parties' contractual relationship was detailed in two documents: (1) a letter welcoming Plaintiff to the company, and (2) the sales agreement. (Am. Compl. Ex. A, ECF No. 26-1.) Defendant's letter set forth Plaintiff's initial rate and identified that rate as variable. (Am. Compl. Ex. A, ECF No. 26-1 at 2.) The sales agreement included a Terms of Service provision that set forth Defendant's variable pricing policy. (Am. Compl. Ex. A, ECF No. 26-1 at 3.) Under its terms:

> The Variable Rate will be calculated monthly based on the following Starion variable price methodology. The Variable Rate may change in response to market conditions, in any or all of the PJM, NEISO, NYISO, and MISO territories, including such factors as electricity market pricing, applicable taxes, transmission costs, utility charges, and other market price related factors, as determined by Starion's discretion.

(Am. Compl. Ex. A, ECF No. 26-1 at 3.)

Initially, the rate Plaintiff was charged was lower than that of the local supplier, Penelec. (Am. Compl. ¶ 25, ECF No. 26 at 7.) Eventually however, the rate rose to an amount that was higher than Penelec's rate. (Am. Compl. ¶¶ 25- 26, ECF No. 26 at 7-8.)

In Plaintiff's originally-filed Complaint, he alleged breach of contract, breach of the covenant of good faith and fair dealing, and he sought declaratory relief. (Compl., ECF No. 1.) However, the parties subsequently stipulated to dismissal of Plaintiff's claims for breach of the covenant of good faith and fair dealing and declaratory relief. (Pl.'s Partial Stip. Dismissal, ECF No. 22.) Upon its own review of Plaintiff's Complaint, this Court recognized fatal deficiencies that would prevent the remaining breach of contract claim from going forward. Accordingly, Plaintiff was directed to show cause as to why the matter should not be dismissed for failure to state a claim. (ECF No. 23.) Plaintiff responded, claiming the Complaint demonstrated a breach of contract under the theory of good faith and fair dealing. (Pl.'s

Resp. RSC, 6, ECF No. 24.) This Court dismissed Plaintiff's Complaint without prejudice and granted leave to amend. (ECF No. 25.)

Plaintiff subsequently filed the instant Amended Complaint, again alleging one count of breach of contract. (Am. Compl., ECF No. 26.) Defendant now seeks dismissal of same, claiming: (1) no duty was breached under the contract; (2) any purported claim of breach of the covenant of good faith and fair dealing based upon arbitrary pricing is without merit; and (3) 52 Pa. Code § 54.5 (c)(2)(i) was satisfied. (Def.'s Mot. Dismiss 9-11, ECF No. 28-2 at 8-11.) In response to the motion, Plaintiff maintains the contract was breached because Defendant did not consider market price-related factors in determining the variable rate. (Pl.'s Reply Def.'s Mot. Dismiss, ECF No. 29.)

### III. STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678; *accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

IV.     DISCUSSION

    a.     **Plaintiff's Amended Complaint Does Not Present a Plausible Claim for Breach of Contract Based Upon Breach of a Duty Imposed Therein**

To establish a breach of contract under Pennsylvania law, Plaintiff must demonstrate: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (citing *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)).

Although there is no binding authority regarding contracts such as the one at issue, case law from the Northern District of Illinois provides a relevant assessment of a factual scenario similar to that involved herein. *See Zahn v. N. Am. Power & Gas, LLC*, Civ. No. 14 C 8370, 2015 U.S. Dist. LEXIS 67199, at *14 (N.D. Ill. May 22, 2015). In *Zahn*, a plaintiff alleged that an electricity supplier breached its contract because it did not charge rates based on the factors in the contract. *Id.* Upon review of the Complaint, the court found that the factual allegations contained therein only indicated that the defendant charged more for its energy than its local competitors. *Id.* The court further observed that the contract expressly stated that the rate could vary based on factors aside from market price, such as transportation, storage and other fees. *Id.* at *15. Because the Complaint only showed that the defendant charged a price higher than the local supplier, the court could not plausibly infer that the defendant did not charge rates based on the factors mentioned in the contract. *Id.*

As in *Zahn*, the factual allegations presented by Plaintiff herein do not support a claim that Defendant did not charge a rate based on the factors stated within the contract. Plaintiff asserts that Defendant breached the contract by not fulfilling its obligation to keep the variable rate tied to market conditions. (Am. Compl. ¶ 46, ECF No. 26.) Support for this assertion stems from the fact that the rate he was charged from December 2013 (approximately three months after Defendant began supplying Plaintiff's electricity) until April 2014 was substantially higher than the price charged by his local

utility, Penelec. (Am. Compl. ¶ 25, ECF No. 26.) The contract makes clear, however, that the rate could change based on conditions in several other territories; namely, NEISO, NYISO and MISO. (Am. Compl. Ex. A, ECF No. 26-1 at 3.) Additionally, the contract states that items other than market pricing, such as transmission costs, taxes, utility charges and other market price-related factors would be used to determine the rate. (Am. Compl. Ex. A, ECF No. 26-1 at 3.) Because the contract provided that pricing and market conditions in other specific territories—as well as additional factors listed in the contract—could potentially play a part in pricing, it is not possible to draw a reasonable inference that Defendant breached same just by looking at how Defendant's price varied from the local supplier during a particular period of time when Starion's rates were lower at other times.

### b. Plaintiff's Amended Complaint Does Not Appear to "Resurrect" a Claim of Breach of the Implied Covenant of Good Faith and Fair Dealing

Defendant further argues that Plaintiff is improperly attempting to "resurrect" a claim a breach of implied covenant of good faith and fair dealing via his Amended Complaint. (Def.'s Mot. Dismiss 10, ECF No. 28-2 at 11.) This Court does not necessarily agree with Defendant's assessment of Plaintiff's pleadings but will nevertheless address the claim on the merits.

Under the covenant of good faith and fair dealing, where discretion is given under a contract, the discretion must be exercised reasonably. *Haywood v. Univ. of Pittsburgh*, 976 F. Supp. 2d 606, 628 (W.D. Pa. 2013). District courts in this Circuit, however, do not agree on what is required to demonstrate a breach of the covenant. Some courts hold:

> A plaintiff must allege facts to establish that a contract exists or existed, including its essential terms, that defendant failed to comply with the covenant of good faith and fair dealing by breaching a specific duty imposed by the contract other than the covenant of good faith and fair dealing, and that resultant damages were incurred by plaintiff.

*CRS Auto Parts, Inc. v. Nat'l Grange Mut. Ins. Co.*, 645 F. Supp. 2d 354, 369 (E.D. Pa. 2009) (citing *Sheinman Provisions, Inc. v. Nat'l Deli LLC*, Civ. No. 08-CV-453, 2008 U.S. Dist. LEXIS 54357, at *3 (E.D. Pa. July 15, 2008)).

Other courts do not require that a duty aside from the covenant of good faith and fair dealing be breached. S*ee Gallo v. PHH Mortgage Corp.*, 916 F. Supp. 2d 537, 550- 53 (D.N.J. 2012) (finding that because no Pennsylvania state court has required any other duty be breached, plaintiffs only must demonstrate that the implied covenant was breached).

As was the situation presented to this Court prior to its first ruling, Plaintiff has failed to sufficiently plead a covenant was breached under either formulation. A breach cannot be sustained under *CRS* because Plaintiff cannot show that a duty under the contract, other than that of the covenant of good faith and fair dealing, was breached. Additionally, *Gallo* is not met because these facts do not show that Defendant acted unreasonably. Plaintiff's allegations simply indicate that Defendant's prices are higher than those of the local competitor. (Am. Compl. ¶¶ 25- 26, ECF No. 26 at 7-8.) Because the contract stated that the price could be related to various market conditions in several territories, the difference in price alleged by Plaintiff does not permit the court to conclude that the price was set unreasonably. Inasmuch as neither formulation is met, an action for breach of contract under the theory of good faith and fair dealing cannot be sustained.[2]

---

[2] In support of his argument, Plaintiff continues to allege that Defendant breached the contract by failing to consider market factors. In doing so, Plaintiff again refers to the rates charged by a local electric supplier, Penelec. First, Plaintiff's allegation is a conclusory statement which must be disregarded for purposes of assessing sufficiency of the pleadings. Secondly, nothing in the contract obligated Defendant to consider the rates of this one specific local provider. Instead, the contract specifically states in pertinent part that "The Variable Rate may change in response to market conditions in any or all of the PJM, NEISO, NYISO and MISO territories." (Am. Compl. Ex. A at 2, ECF No. 26-1 at 3.)

This Court further notes Plaintiff's contention that "[o]ther courts in this District have refused to dismiss on the pleadings breach of contract claims with substantially the same contracts." (Pl.'s Reply 10, ECF No. 29 at 10.) This Court has reviewed the Complaints in the two cases cited by Plaintiff, both

      **c.**      **Plaintiff's Amended Complaint Does Not State a Plausible Violation of 52 Pa. Code § 54.5(c)(2)(i)-(ii) in Support of a Breach of Contract Claim**

The Pennsylvania Code requires in part that a variable pricing statement detailing the conditions of variability, must be included in an energy supplier's contract. 52 Pa. Code § 54.5 (c)(2)(i)-(ii).[3] Plaintiff alleges that Defendant breached this particular aspect of the regulation by arbitrarily setting its prices. (Am. Compl. ¶ 45, ECF No. 26 at 12.)   However, this allegation by Plaintiff constitutes a conclusory statement from which a reasonable inference of a breach cannot be drawn.

First, as previously discussed, the Amended Complaint does not contain non-conclusory averments that the rate was set without complying with the requirements of the contract. Second, the contract clearly states the conditions on which the rate could vary:

> The Variable Rate will be calculated monthly based on the following Starion variable price methodology. ***The Variable Rate may change in response to market conditions*** in any or all of the PJM, NEISO, NYISO, and MISO territories, including such factors as electricity market pricing, applicable taxes, transmission costs, utility charges, and other market price related factors, as determined by Starion's discretion.

(Am. Compl. Ex. A, ECF No. 26-1 at 3) (emphasis added).

---

of which were prepared by the same attorney involved herein.  The contracts at issue in those cases are in no way "substantially the same."  *See Silva v. Ambit Energy, L.P., et al.,* Civ. No. 14-5005, ECF No. 16 Ex. B; *Sobiech v. U.S. Gas & Electric, Inc.*, Civ. No. 14-4464, ECF No. 17-1 at 2-5.
[3]  The version of Section 54.1(c)(2)(i)-(ii) in effect at the time the contract at issue was executed, provided as follows:

The contract's terms of service shall be disclosed, including the following terms and conditions, if applicable:
* * * *
      (2)    The variable pricing statement***, if applicable***, must include:
            (i)    Conditions of variability (state on what basis prices will vary).
            (ii)   Limits on price variability.

52 Pa. Code § 54.5(c)(2)(i)-(ii) (2007) (amended 2014).

In this case, Plaintiff chose the Starion Simple plan, which did not include a price cap/limit on variability.  The cap only applied to the Starion Smart plan.

In support of his new allegation that the contract at issue violated 52 Pa. Code § 54.5 (c)(2)(i)-(ii), Plaintiff continues to argue that Defendant's rates were not "based on" or "related to" market conditions, as described in the Disclosure Statement and Terms of Service. (Am. Compl. ¶¶ 44-47, ECF No. 26 at 12-13.)  However, Plaintiff omits any reference to the contractual language directly applicable to changes in the rate: "***The Variable Rate <u>may</u> change <u>in response to</u> market conditions***[.]"  (Am. Compl. Ex. A, ECF No. 26-1 at 3) (emphasis added). The conditions of variability are clear, therefore this Court finds Plaintiff's breach of contract claim fails on this basis.

## V.  CONCLUSION

Plaintiff's Amended Complaint fails to plead a plausible breach of contract claim. The contract was not breached simply because the rate charged by Plaintiff's local supplier was less than Defendant's rate during a particular period of time. Further, Defendant has not breached the implied covenant of good faith and fair dealing because no other duty under the contract was breached and the facts do not show that rate was set unreasonably.  Lastly, no breach occurred under 52 Pa. Code § 54.5(c)(2) because the applicable Terms of Service provision set forth how the variable rate would be determined.[4]

An appropriate Order follows.

BY THE COURT:

/s/  C. Darnell Jones, II      J.

---

[4]  Plaintiff has not sought leave to amend again.  However, any such request would be denied, as the express terms of the contract are clear and any additional amendment would be futile.